UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JIMMIE DEVOUX, | ) | Civil Action No.: 5:12-cv-1406-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| RUFFIN BAIRD and LOLA PRATT; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This action arises out of a suspected theft at the Eutawville, South Carolina IGA grocery store in December of 2011.  Plaintiff is proceeding pro se.  Presently before the Court are Plaintiff's Motions for Appointment of Counsel (Documents # 28, 32), Plaintiff's Motion for Summary Judgment (Document # 36), Defendant's Motion for More Definite Statement (Document # 37) and Defendants' Motion to Amend the Scheduling Order (Document # 43).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

    Plaintiff has filed two motions for appointment of counsel in addition to an earlier motion, which was denied.  In his most recent motions, Plaintiff asserts that he is medically unable to represent himself.  He asserts that he has a mental disability and asserts that he has been advised of his need for therapy and counseling.  He further asserts that the various medications he takes for his other medical conditions cause him to be dizzy and disoriented.  However, the medical records he submits do not support these assertions.  He submits a letter from the South Carolina Department of Mental Health informing him of an outstanding balance for services he received from the mental health center.  However, this letter indicates only that Plaintiff has received services from the Department of Mental Health in the past.  Plaintiff also attaches various discharge notices from the  Emergency Department at the Orangeburg Regional Medical Center.  However, these records fail to show that Plaintiff is

unable to represent himself in this action.

A plaintiff in a civil action has no right to court-appointed counsel. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). While the court has discretionary authority to appoint counsel "in exceptional cases," in a civil action brought by a litigant proceeding in forma pauperis, Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975); 28 U.S.C. § 1915(d), Plaintiff has failed to show that exceptional circumstances exist here.   Accordingly, Plaintiff's motions for appointment of counsel are denied.

In their Motion for More Definite Statement, Defendants argue that Plaintiff's Second Amended Complaint fails to put them on notice of the claims asserted against them. Plaintiff alleges that on December 13, 2011, he purchased a lottery ticket at the Eutawville IGA. He alleges that Defendants accused Plaintiff of theft, made race-based comments, searched him, and barred him from returning to the store even though they found no evidence that a crime had been committed by Plaintiff. Plaintiff alleges racial discrimination, violation of his due process and equal protection rights, false imprisonment and a conspiracy to deny him of his constitutional rights.

Rule 12(e), Fed.R.Civ.P., states, in relevant part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Whether a motion for a more definite statement should be granted is a matter "generally left to the District Court's discretion." Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973). Orders requiring a more definite statement under Rule 12(e) are appropriate where a "pleading's vagueness prohibits defendant from filing a responsive pleading." Gleichauf v. Ginsberg, 859 F.Supp. 229 (S.D.W.Va., 1994) (citing Robinette v. Griffith, 483 F.Supp. 28, 36 (W.D.Va. 1979)).

Rule 8(a), Fed.R.Civ.P., provides,

A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and

the claim needs no new jurisdictional support;  (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiffs' Second Amended Complaint is sufficient to put Defendants on notice as to the nature of the claims against each Defendant so that they may adequately prepare a defense.   Thus, Defendants' Motion for a More Definite Statement is denied.  Defendants must a file an Answer or otherwise respond to Plaintiff's Second Amended Complaint within ten days of the date of this order.

In light of the foregoing, Plaintiff's Motion for Summary Judgment is denied as premature. Additionally, Defendants' Motion to Amend the Scheduling Order is granted and an Amended Scheduling Order is entered herewith.

For the reasons discussed above, Plaintiff's Motions for Appointment of Counsel (Documents # 28, 32) are **DENIED**, Plaintiff's Motion for Summary Judgment (Document # 36) is **DENIED**[1] as premature, Defendants' Motion for More Definite Statement (Document # 37) is **DENIED** and Defendants' Motion to Amend the Scheduling Order (Document # 43) is **GRANTED**.  Defendants are directed to file an Answer or otherwise respond to the Second Amended Complaint within ten days of the date of this Order.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 26, 2013
Florence, South Carolina

---

[1]This denial is without prejudice and with leave to refile.