UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| JIMMIE DEVOUX, | ) | Civil Action No.: 5:12-cv-1406-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| RUFFIN BAIRD and LOLA PRATT, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, alleges violations of his constitutional rights pursuant to

42 U.S.C. §§ 1981 and 1983 and potentially alleges state law causes of action as well.  Presently

before the Court is Defendants' Motion to Dismiss (Document # 62).  Because he is proceeding pro

se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure

to respond to the Motion could result in the dismissal of his claims.  Plaintiff timely filed a Response

(Document # 66) to the Motion.   All pretrial proceedings in this case were referred to the

undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

73.02(B)(2)(e), DSC.  Because this is a dispositive motion, this Report and Recommendation is

entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

As set forth in Plaintiff's Second Amended Complaint, on December 13, 2011 Plaintiff

"entered the Eutawville, IGA to play the South Carolina Education Lottery" and he "bought and paid

for one ticket."  Second Amended Complaint ¶¶ 3-4.  Defendants Lola Pratt and Ruffin Baird are

employees at the store.  Id. ¶ 1.  After Plaintiff completed his purchase, Defendants stopped him as

he exited the store, subjected him to two body searches, and made race-based comments.  Id. ¶¶ 8,

17, 32.  Defendants then instructed Plaintiff not to return to the store.  Id. ¶ 17.  Plaintiff appears to

assert causes of action for race discrimination, violation of due process, violation of equal protection,

false imprisonment and conspiracy to deny him of his constitutional rights.

## III.    STANDARD OF REVIEW

Defendants move to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A Rule 12(b)(6) motion

examines whether Plaintiff has stated a claim upon which relief can be granted.  The United States

Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff

in any civil action must do more than make mere conclusory statements to state a claim. See

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the

complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible

on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only

accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949;

Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

-2-

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## IV.     DISCUSSION

Plaintiff's claims of due process and equal protection violations as well as his conspiracy claims fall under 42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).  Defendants argue that they were not, nor has Plaintiff alleged that they were acting under color of state law when they allegedly stopped and searched him.  Private actions by private individuals cannot establish liability under 42 U.S.C. § 1983. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir.2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Plaintiff's factual allegations do not support his claims for denial of a federal right and so, the complaint fails to state

a claim for relief under 42 U.S.C. § 1983.[1]

Plaintiff's claim of race discrimination under 42 U.S.C. § 1981 fails as well.  To state a cause of action under § 1981, "a plaintiff must show: (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute."  Buchanan v. Consolidated Stores Corp., 125 F.Supp.2d 730, 734 (D.Md.2001).  "To satisfy the foundational pleading requirements for a suit under section 1981, a retail customer must allege that he was actually denied the ability to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus."  Baltimore-Clark v. Kinko's Inc., 270 F.Supp.2d 695, 699 (D.Md.

---

[1]In his Response to the Motion, Plaintiff argues that he also asserted claims under 42 U.S.C. § 1985 and § 1986.  To state a claim under § 1985, a plaintiff must allege the following four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir.1985) (citing Griffin v. Breckenridge, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).  Section 1986 makes actionable the failure to prevent any of the wrongs set forth in § 1985.  42 U.S.C. § 1986.  A claim under § 1986 is thus dependent on the existence of a valid § 1985 claim.  See Trerice, 755 F.2d at 1085.  Plaintiff alleges no concrete facts to demonstrate that defendants came to any mutual understanding or acted "jointly in concert" to deprive him of any constitutional right.  See Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir.1996).  He alleges only that "Pratt and Baird conspired to deny [him] of his constitutional rights," that they "conspired and distorted key facts," "there was an agreement to inflict a wrong against [him]," and that "the private conspiracyes [sic] alleged in this complaint are inviduously discrminatory depravation of the equal enjoyment of rights secured to all citizens by law."  See Second Amended Complaint.  The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts."  Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995) (citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir.1985)); Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (citing Gooden v. Howard County, Md., 954 F.2d 960, 969–70 (4th Cir.1992) (en banc) (requiring plaintiffs alleging unlawful intent in conspiracy claims under § 1985 to "plead specific facts in a non-conclusory fashion to survive a motion to dismiss")); A Society Without a Name v. Virginia, 655 F.3d 342, 346-47 (4th Cir. 2011).  Thus, dismissal of these claims is appropriate as well.

-4-

2003) (citing <u>Garrett v. Tandy Corp.</u>, 295 F.3d 94 (1st Cir.2002)).  In this vein, a plaintiff must identify a specific transaction that the defendant prohibited.  <u>Shawl v. Dillard's Inc.</u>, 17 Fed Appx. 908, 912 (10th Cir. 2001).  A defendant's alleged racial slurs or comment alone are insufficient to state a § 1981 race discrimination claim where a plaintiff completes his intended purchase.  <u>See</u> <u>Baltimore-Clark v. Kinko's Inc.</u>, 270 F.Supp.2d 695, 699-700 (D.Md. 2003) (finding no violation of § 1981 where employees of the defendant made racial comments but the plaintiff was able to make and pay for her photocopies).  In a case with facts similar to those alleged here, the court granted the defendant's motion to dismiss because the plaintiff "had done her shopping and was leaving the store; no contractual relationship remained." <u>Lewis v. J.C. Penney Co., Inc.</u>, 948 F.Supp. 367, 372 (D. Del. 1996). The Court further stated the plaintiff "seeks a federal remedy for being stopped and interrogated with respect to suspected shoplifting. Section 1981 does not provide that remedy." <u>Id.</u> Here, Plaintiff alleges that he made his purchase of a lottery ticket and was leaving the store when Defendants accused him of shoplifting.  Because Plaintiff does not allege that Defendants prohibited him from making any purchases at the store, he fails to state a claim for relief under § 1981 and dismissal is appropriate.

In light of the recommendation that Plaintiff's federal causes of action be dismissed, the undersigned further recommends that the court decline to exercise jurisdiction over any state law claims Plaintiff may have alleged. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th

Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989).

## V.    CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 62) be granted with respect to Plaintiff's federal causes of action, that the court decline to exercise jurisdiction over any state law claims and that this case be dismissed in its entirety.[2]

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 20, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[2] If the district judge accepts this recommendation, all other pending motions will be moot.