UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jimmie Devoux, ) | |
| ) | C/A No.: 5:12-cv-01406-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Ruffin Baird and Lola Pratt, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before this Court for review of United States Magistrate Judge Thomas E. Roger's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on March 20, 2014. ECF No. 88. On May 25, 2012, Plaintiff Jimmie Devoux ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. §§ 1981 & 1983. ECF No. 1.[1] Plaintiff's complaint asserts causes of action for racial discrimination, violation of due process and equal protection rights, false imprisonment, and a conspiracy to deny him of his constitutional rights. ECF No. 25. On September 5, 2013, Defendants Ruffin Baird and Lola Pratt ("Defendants") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 62. In their Motion, Defendants argue that Plaintiff's due process, equal protection, and conspiracy claims under 42 U.S.C. § 1983 should be dismissed because Defendants were not acting "under color of state law." ECF No. 62-1 at 3–5. In addition, Defendants argue that Plaintiff's claim of race discrimination under 42 U.S.C. § 1981 should be

---

[1] Plaintiff amended his original complaint on July 12, 2012. ECF No. 15. Then, on September 4, 2012, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which the magistrate judge granted on November 7, 2012. ECF Nos. 20 & 24. Thus, references to the "complaint" in this Order refer to Plaintiff's Second Amended Complaint. ECF No. 25.

dismissed because Plaintiff did not allege Defendants "prohibited him from making or enforcing contracts." *Id.* at 5. On September 6, 2013, the magistrate judge warned Plaintiff, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion to Dismiss could result in the dismissal of his claims. ECF No. 63. Plaintiff timely filed a Response in Opposition on September 11, 2013. ECF No. 66. Defendants filed a Reply to Plaintiff's Response on September 20, 2013. ECF No. 67. Under established procedure in this judicial district, Magistrate Judge Rogers made a careful review of Defendants' Motion and Plaintiff's *pro se* complaint, and now recommends that this Court grant Defendants' Motion to Dismiss with respect to Plaintiff's federal causes of action, decline to exercise jurisdiction over any state law claims, and dismiss Plaintiff's case. ECF No. 88. For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety.

## **Standard of Review**

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most

concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff brings this claim *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. *See* ECF No. 8. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States district judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir.

1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam).  In the present case, Plaintiff received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation."  ECF No. 88-1.  The Notice warned that "[f]ailure to timely file specific written objections . . . [results] in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation."  *Id.*  April 7, 2014 was the deadline for filing objections.  *See* ECF No. 88.  Plaintiff did not file any objections to the magistrate judge's Report and Recommendation.

## **Conclusion**

After a review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes this case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is GRANTED, and this action is DISMISSED.

**IT IS FURTHER ORDERED** that all other pending motions in this case are DISMISSED as moot.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May  1 , 2014
Anderson, South Carolina